IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 12-cv-01593-REB-KMT

VAN A. MARTIN, and
ELIZABETH I. MARTIN,

      Plaintiffs,

v.

HOME DEPOT USA, INC., a Delaware corporation, dba The Home Depot,

      Defendant.

**ORDER**

      This matter is before the court on Plaintiffs' "Motion to Strike Defendant's Designation

of Non-Parties at Fault" (Doc. No. 20, filed Sept. 19, 2012 ["Mot."]).  Defendant filed its

Response on October 11, 2012 (Doc. No. 23 ["Resp."]).  Plaintiffs filed their Reply on October

24, 2012 (Doc No. 24 ["Reply"]).  This motion is ripe for review.

      This diversity action concerns claims of strict product liability, negligence, and loss of

consortium arising from an injury that occurred on April 18, 2010, when Plaintiffs Elizabeth

Martin and her husband Van Martin returned a leased Husqvarna Model AR 19 aerator to

Defendant Home Depot's Centennial, Colorado store.  (*See* Doc. No. 3 ["Compl."].)  While

unloading the aerator from the back of a trailer with his son Cody Martin's help, Plaintiffs allege

the scissoring action of the handle on the aerator severed a portion of Van Martin's left little

finger.  (*Id*., ¶¶ 6-7.)  It is Plaintiffs' contention that either defective or poorly maintained link

locks on the handle of the aerator allowed for the dangerous condition.  (Compl., ¶ 11.)

Plaintiffs filed their Complaint in state court on April 13, 2012, and Defendant removed

the case to federal court on June 19, 2012.  (*See* Doc. No. 1.)  On September 13, 2012, this court

held a scheduling conference and entered a Scheduling Order setting the discovery cut-off for

May 17, 2013.  (*See* Doc. Nos. 13-14.)

On September 14, 2012, Defendant filed its "Designation of Non-Parties at Fault"

("Designation") (Doc. No. 16), naming Cody Martin and Husqvarna Turf Care[1] as nonparties at

fault pursuant to Colo. Rev. Stat. § 13-21-111.5(3)(b).  On September 18, 2012, Plaintiffs filed

their Motion, arguing that (1) the Designation is untimely; (2) being untimely, Defendant has not

brought a motion for extension of time or determination of necessity for an extension; and (3) the

Designation is legally inadequate for failure to describe the basis for liability, specifically the

duties owed by either nonparty to the plaintiffs.  (*See* Mot.)

## LEGAL STANDARD

Colo. Rev. Stat. § 13-21-111.5(3)(b) provides:

> Negligence or fault of a nonparty may be considered if the claimant entered into a
> settlement agreement with the nonparty or if the defending party gives notice that
> a nonparty was wholly or partially at fault *within ninety days following*
> *commencement of the action unless the court determines that a longer period is*
> *necessary*.  The notice shall be given by filing a pleading in the action designating

---

[1] The name used in the Designation is "Husqvarna Turf Care, a division of Electrolux
Professional Outdoor Products, Inc."  (Doc. No. 16 at 1.)  In its Response, Defendant advised
that the correct name is "Husqvarna Consumer Outdoor Products, N.A., Inc." and seeks to
substitute this name if the Designation is allowed.  (Resp. at 3, 16.)

> such nonparty and setting forth such nonparty's name and last-known address, or
> the best identification of such nonparty which is possible under the circumstances,
> together with a brief statement of the basis for believing such nonparty to be at
> fault.

*Id.* (emphasis added).  Upon such a designation, the jury may consider those nonparties when

apportioning liability at trial.  *See Antolovich v. Brown Group Retail, Inc.*, 183 P.3d 582, 591-92

(Colo. App. 2007); *Barton v. Adams Rental, Inc.*, 938 P.2d 532, 535 (Colo. 1997).  Nonparty

designation "ensures that parties found liable will not be responsible for more than their fair

share of the damages."  *Pedge v. RM Holdings, Inc.*, 75 P.3d 1126, 1128 (Colo. App. 2002).

Federal courts sitting in diversity are bound by state statutes when deciding questions of

substantive law.  *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938).  Thus, Colorado state law is

applicable to both the time limitations set forth in the statute and the adequacy of the notice.

*Resolution Trust Corp. v. Deloitte & Touche*, 818 F. Supp. 1406, 1407 (D. Colo. 1993).

When considering the propriety of an extension of time pursuant to Colo. Rev. Stat. § 13-

21-111.5(3)(b),

> [t]he Colorado Supreme Court has identified three factors to be considered in
> determining whether to extend the 90 day period: (1) whether the neglect was
> excusable; (2) whether the party making the late designation has alleged a
> meritorious defense or claim; and (3) whether relief from the deadline would be
> inconsistent with equitable considerations.

*Daugherty v. Bissell*, Case No. 08-cv-01931-WYD-BNB, 2009 WL 2853108, at *2 (D. Colo.

Sept. 1, 2009) (quoting *Redden v. SCI Colo. Funeral Servs., Inc.*, 38 P.3d 75, 84 (Colo. 2001)).

A trial court's decision to extend the ninety-day filing period is reviewed under an abuse of

discretion standard.  *Antolovich*, 183 P.3d at 592 (citing *Redden*, 38 P.3d at 84).

Further, Colorado courts have held the designation must contain facts sufficient to "satisfy all the elements of a negligence claim." *Redden*, 38 P.3d at 81; *see also Stone v. Satriana*, 41 P.3d 705, 709 (Colo. 2002) (interpreting *Redden* to require that designations "establish a *prima facie* case" against the nonparty). This federal court, considering the same state statute, determined

> "a designation of non-parties must give a plaintiff sufficient notice of the non-parties' conduct so that plaintiff can prepare to address it. . . . At the very least, the designation must set forth facts sufficient to permit a plaintiff to identify the transaction or occurrence which purportedly leads to the non-party's fault."

*Resolution Trust Corp.*, 818 F. Supp. at 1408-09 (quoting *F.D.I.C. v. Isham*, 782 F. Supp. 524, 530 (D. Colo. 1992)). Courts should construe designation requirements strictly to avoid a defendant attributing liability to a nonparty from whom the plaintiff cannot recover. *Redden*, 38 P.3d at 80.

## ANALYSIS

### A.       *Timeliness of the Designation*

#### 1.       *Commencement of Period*

Plaintiffs argue the Designation is untimely because it was filed more than ninety days after commencement of the case in state court. (Mot. at 2.) Defendant argues the Designation is timely because it was filed within ninety days of removing to federal court, but alternatively argues that to the extent counsel misinterpreted the applicable deadline, an extension is warranted. (Resp. at 6-10.)

At least one court in this district has recognized that where the action is begun in state

court and removed to federal court, it is the date of commencement of the action in state court

–not the date of removal–that governs the ninety-day deadline.  *See Burgess v. Delta Airlines,*

*Inc.*, No. 10-cv-00927-LTB-CBS, 2011 WL 1597961, at \*1 (D. Colo. Apr. 28, 2011); *but*

*see Watkins v. Action Care Ambulance, Inc.*, No. 07-cv-02598-PAB-BNB, 2010 WL 363396, at

\*2 (D. Colo. Feb. 1, 2010) (computing deadline from filing date of complaint in federal court

where action was *initially* commenced in federal court).  Applying the date the original

Complaint was filed in state court, April 13, 2012, Defendant would have had until July 12, 2012

to file its non-party designations.  Defendant's Designation, filed on September 14, 2012, was

filed 64 days past the applicable deadline.  Therefore, consideration of Defendant's request that

an extension be granted is applicable.

### 2.      *Propriety of Extension of Ninety-Day Period*

Plaintiffs argue that Defendant has shown neither the excusable neglect normally

required under Fed. R. Civ. P. 6(b) to extend the time required for a filing, nor that "a longer

period is necessary" as required by Colo. Rev. Stat. § 13-21-111.5(3)(b).[2]  (*Id*. at 2-4.)

---

[2] In arguing that an extension is inappropriate, Plaintiffs first assert that Defendant's
request for an extension of time in its Response should be construed as an improper motion
under D.C.COLO.LCivR 7.2C (sic).  (Reply at 3.)  Local Rule 7.1C prohibits the inclusion of a
motion in a response or reply to an original motion.  This court finds that Defendant's alternative
request in its Response that leave be granted such that the Designation be deemed timely filed
constitutes neither a prohibited motion nor an affirmative request for relief as anticipated by the
Rule.  Rather, the court construes the request as an alternatively-stated form of Defendant's
ultimate request that Plaintiffs' Motion be denied.

Defendant's untimely filing was based entirely on an admitted misinterpretation of the applicable deadline by Defendant's counsel.  Although Plaintiffs correctly note that the deadline for nonparty designation had already passed at the time the scheduling conference was held, it is undisputed that Defendant's counsel was still quite obviously under the mistaken belief that he had time to file any nonparty designations.  Indeed, such designations were discussed at the scheduling conference, with Defendant's counsel explicitly stating that the accident involved "a product that was manufactured by someone other than Home Depot, and I do anticipate that we will either designate that entity as a responsible party, or perhaps as a third-party defendant. That was something it looked we couldn't do until we had this conference . . . ." (Partial Transcript of Scheduling Conference held September 13, 2012 [Doc. No. 22] at 4-5.)  Plaintiffs' counsel did not object to such a statement at that time or raise any concerns that the deadline might have already passed.  The Designation was filed the next day, within ninety days of removal to federal court, which this court views as consistent with counsel's mistaken view of the commencement of the ninety day period.  Under these circumstances, the court finds any neglect by Defendant was excusable.

Plaintiffs do not allege that they will suffer any prejudice in allowing the late filing. Indeed, they would likely face little prejudice or delay in integrating the designated nonparties at fault into their case in light of the May 2013 discovery completion deadline.  Moreover, the designated nonparties were referenced in the Complaint.  As such, Plaintiffs have had notice of their connection to this case from its inception, but apparently purposefully chose not to include either party as a defendant.  Accordingly, the court finds the request to extend the deadline

beyond the statutory ninety day period is reasonable and consistent with equitable

considerations.

### B.      Adequacy of the Designation

In support of their request to strike the Defendant's non-party designations, Plaintiffs

argue that Defendant's failure to allege the legal duties owed by either of the nonparties to the

plaintiffs means the Designation fails to make out a *prima facie* case of liability.  (Reply at 5-6.)

#### 1.      Husqvarna

Factually, Plaintiffs allege that at the time they received the aerator from Defendant

Home Depot,m the link locks that kept the aerator handle in place were in a defective condition

because they were stretched, thus allowing the handle to move freely and create a dangerous

scissoring action.  (*Id.*, ¶ 8, 11.)  While denying any defect in the leased aerator, Defendant

claims that "to the extent that any negligence or wrongful conduct occurred as alleged, it was

committed by Husqvarna Turf Care . . . as it manufactured, designed, and marketed the lawn

aerator," presumably including the accused handle link locks.  (Designation at 1.)  In its

Response, Defendant relies on an "innocent seller" defense, arguing that Husqvarna is the

manufacturer of the aerator, not Home Depot, and the Designation "simply re-directs Plaintiffs[']

claims toward the proper party. . . ."  (Resp. at 8.)

Colo. Rev. Stat. § 13-21-402(1), entitled "Innocent Seller," provides

[n]o product liability action shall be commenced or maintained against any seller
of a product unless said seller is also the manufacturer of said product or the
manufacturer of the part thereof giving rise to the product liability action.

7

*Id*. Notably, however, the Complaint never alleges that Defendant *sold* the aerator.  Instead, it is

alleged that Defendant *leased* the aerator to Mrs. Martin (Compl., ¶¶ 3-4), and because

Defendant maintained such aerators and prepared them for leasing to customers (*id*., ¶ 3),

Defendant had a duty to deliver the aerator in a condition fit for its intended use and/or warn of

 any risk of harm of injury.  (*Id*., ¶ 12.)  The Complaint alleges Defendant breached these duties.

(*Id*.)

Plaintiffs further, however, allege that Defendant Home Depot qualifies as a

"manufacturer" pursuant to Colo. Rev. Stat. § 13-21-401 because it prepared the aerator for

leasing to customers.  (Compl., ¶ 3.)  Colo. Rev. Stat. §13-21-401 provides

> "Manufacturer" means a person or entity who designs, assembles, fabricates,
> produces, constructs, or otherwise prepares a product or a component part of a
> product prior to the sale of the product to a user or consumer.

*Id*.  Whether Plaintiffs' assertion that Home Depot is a manufacturer under these circumstances

will survive scrutiny remains for determination, but drawing inferences in favor of the Plaintiffs

at this point, a finding that Home Depot is a 'manufacturer' would not preclude liability of

Husqvarna as a manufacturer, as well, given Plaintiffs' allegations concerning the defective link

locks on the aerator.  (See Compl. ¶¶ 8, 11.)  The Designation itself, while affirmatively denying

that the aerator was in a defective condition when it was leased to Plaintiffs, states that

Husqvarna "was the entity that designed and manufactured the link locks that Plaintiffs contend

were defective, and were the proximate cause of their alleged damages."  (Designation at 2.)

The court therefore finds Defendant's description adequately provides the required "brief

statement of the basis for believing such nonparty to be at fault." Colo. Rev. Stat. § 13-21-111.5(3)(b).

### 2. *Cody Martin*

Defendant's Designation with respect to Cody Martin states, "if Cody Martin operated

the lawn aerator as alleged by Plaintiffs in their Complaint, Cody Martin's negligent operation of

the machine was a proximate cause of the incident alleged in Plaintiffs' complaint. . . ."

(Designation at 2.) The sole and only mention of anyone's operation of the lawn aerator other

than Plaintiff Van A. Martin in the Complaint appears in paragraph 6, stating,

> 6. Mr. Martin and his son operated the leased aerator during the day on April 18,
> 2010, and at approximately 7:00 PM returned the aerator to the Home Depot
> location in Centennial, Colorado.

(Compl., ¶ 6.) Neither the Complaint nor the Designation specify any action Cody Martin[3] took

in operation of the aerator that would render him at fault in the incident. Although Defendant's

Response appears to invoke a theory of *res ipsa loquitar* (resp. at 13)[4], the Designation as written

does not comply with the mandate to include against Cody Martin a statement of the basis for

---

[3] Plaintiffs have identified the "son" referenced in paragraph 6 to be Cody Martin. (Resp. at 13.)

[4] The evidentiary presumption created by the doctrine of *res ipsa loquitur* may be invoked when: (1) the event is the kind that ordinarily does not occur in the absence of negligence; (2) other responsible causes, including the conduct of plaintiff and third persons, are sufficiently eliminated by the evidence; and (3) the indicated negligence is within the scope of the defendant's duty to the plaintiff. *Stone's Farm Supply, Inc. v. Deacon*, 805 P.2d 1109, 1114 (Colo. 1991); *Zapien v. Home Depot, USA, Inc.*, Case No. 09-cv-02349-REB-BNB, 2010 WL 3522570, *4 (D. Colo. Sept. 2, 2010). "To invoke the presumption, plaintiff must adduce evidence demonstrating that each of these elements is more probable than not." *Zapien, id.*; *See Holmes v. Gamble*, 655 P.2d 405, 409 (Colo.1982).

believing such non-party to be at fault.  The Designation of Cody Martin as a non-party at fault

therefore fails to meet the statutory requirements of Colo. Rev. Stat. § 13-21-111.5(3)(b) and

does not provide Plaintiffs with "sufficient notice of [Cody Martin's] conduct so that plaintiff[s]

can prepare to address it . . . ."  *Resolution Trust Corp.*, 818 F. Supp. at 1408.

Therefore, it is **ORDERED**

Plaintiffs' "Motion to Strike Defendant's Designation of Non-Parties at Fault" (Doc. No.

20) is **GRANTED** in part and **DENIED** in part.  The Motion is **GRANTED** to the extent that it

seeks to strike Cody Martin as a designated nonparty at fault and the designation of Cody Martin

as a non-party at fault shall be stricken.  The Motion is **DENIED** to the extent that it seeks to

strike Husqvarna as a designated non-party at fault.

It is further **ORDERED**

"Husqvarna Consumer Outdoor Products, N.A., Inc." will be considered substituted for

"Husqvarna Turf Care, a division of Electrolux Professional Outdoor Products, Inc." in each

place it appears in Defendant's Designation of Non-Parties at Fault (Doc. No. 16).

Dated this 25th day of January, 2013.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge